NEWPORT MOTOR SALES, INC. *vs.* BOVE CHEVROLET INCORPORATED *et al.*

APRIL 20, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

CONDON, J. This is a bill in equity for a mandatory injunction and an award of damages. The suit was heard in the superior court on bill, answer and proof and resulted in the entry of a decree awarding the complainant damages in the sum of $1,200. From such decree the respondents appealed to this court.

The controversy between the parties arose out of a series of conditional sale transactions involving a 1951 Chevrolet car. In 1951 respondent Bove Chevrolet Incorporated, hereinafter referred to as Bove, sold the car for cash to Newport Cleansers, a corporation. In February 1952 that corporation gave the car to Milton W. Herstoff as a bonus. Herstoff being in need of money gave Bove a bill of sale of the car on March 17, 1952 and received it back under a conditional sale contract. Such contract stated that the price of the car was $1,800 and that $600 had been paid thereon leaving a balance of $1,200 to be paid in installments.

Bove assigned the contract to respondent General Motors Acceptance Corporation, hereinafter referred to as GMAC, and received from it $1,200 which was turned over to Herstoff. The manner in which Bove obtained the car was unknown to GMAC. As far as its knowledge went the conditional sale contract was the usual kind which it customarily financed. Each of the above transactions was conducted for Bove by its manager Peter Costakos.

In October 1952 while GMAC still held title to the car

Herstoff turned it over to Costakos to sell. At that time Costakos was no longer in the employ of Bove. Nevertheless he undertook the sale of the car on his own account and succeeded in finding a purchaser, Dennis A. Rogers, who desired to purchase it on an installment basis. Costakos, not being a licensed dealer in motor vehicles, requested and obtained the assistance of complainant Newport Motor Sales, Inc. in financing the sale to Rogers. He represented to Samuel W. Alofson, complainant's president, that he had a clear title to the car. To accommodate him, Alofson had complainant accept a bill of sale from Costakos and thereafter enter into a conditional sale contract with Rogers whereby the car was sold to Rogers for $1,650, payable $650 down and the balance of $1,000 in twenty-four monthly payments. The complainant then assigned the contract to Universal C.I.T. Credit Corporation, hereinafter referred to as C.I.T., for $1,000 which sum Alofson turned over to Costakos.

On March 10 or 13, 1953 GMAC learned for the first time that the car had been transferred to Costakos and thereafter sold to Rogers. Deeming its security endangered by such transaction it repossessed the car on March 16, 1953 in accordance with the provisions of the conditional sale contract between Bove and Herstoff. Thereafter it turned the car over to Bove for storage.

The complainant promptly offered to pay GMAC the balance due and asked for the return of the car. This offer was ignored. The complainant then brought the instant suit and thereafter on behalf of Herstoff, Costakos, and Rogers again offered to pay the balance due on the car plus GMAC's expenses. This second offer was likewise ignored. As a result complainant was compelled to pay C.I.T. the balance due on the Rogers transaction and has since been sued by Rogers for breach of contract.

The complainant claims that its offers were valid tenders of payment which entitled it to redeem the car. In support

of such claim it argues that the tenders were made within a reasonable time and were sufficient to make GMAC whole; that it was inequitable for GMAC to ignore such offers and insist upon the letter of the conditional sale contract; and that such conduct resulted in a harsh and unjust forfeiture against which equity would grant relief. The complainant further claimed that since Bove had not advanced any of its funds in putting through the Herstoff transaction, it would be unjustly enriched if it were allowed to profit from the repossession of the car.

The trial justice appears to have agreed in substance with those contentions and since the evidence showed that the car had been disposed of to a purchaser in Massachusetts he awarded complainant, in lieu thereof, damages against Bove and GMAC. Such decision was apparently based upon an assumption that the law of this state recognizes a right in a defaulting purchaser under a conditional sale contract to redeem the property after it has been repossessed by the seller in accordance with the terms of the contract.

The respondents maintain that there is no such right. On the contrary they contend that after the seller has repossessed the property for default of the purchaser, the seller's right to retain the property is absolute. In the case at bar there is no question that Herstoff violated the condition of the contract when he sold the car to Costakos. There is also no question that Costakos knew Herstoff had no right to sell without the consent of GMAC. Furthermore Costakos knew that he was making a misrepresentation when he gave complainant a bill of sale alleging that he had title to the car. And complainant, to say the least, was grossly negligent in not inquiring of Costakos as to the source of his alleged title before committing itself by sponsoring the sale to Rogers. From every point of view the involvement of complainant presents no facet that would justify treating GMAC as one not entitled to claim the full benefit of the law governing a conditional sale in this state.

Therefore, in the absence of any equities in favor of the complainant that would warrant excusing it from the legal effect of Herstoff's conditional sale contract with Bove, of which GMAC is the *bona fide* assignee, we are of the opinion that GMAC was lawfully entitled to avail itself of the full legal benefit of such contract. Did it, under such benefit, have the right to refuse complainant's tender? We think it did. Ordinarily a purchaser under a conditional sale contract has no right to redeem the property after it has been repossessed because of the buyer's default. In some states such redemption is authorized by statute. In a few others by judicial decision it has been recognized, within designated limitations, independently of statute. 78 C.J.S., Sales, §628 (a), p. 427. In this state there is no such statute. And this court has never indicated, much less decided, in any case involving a conditional sale that a defaulting purchaser was entitled to redeem. On the contrary there is a strong indication in *Young* v. *R. I. Auto Sales Co.*, 52 R. I. 199, that no such right exists.

There is a like indication implicit in *Tarlaian* v. *Annex Motors, Inc.*, 53 R. I. 370. In that case the assignee of the seller repossessed the car and on the same day the defaulting purchaser tendered the full balance due which was refused. The purchaser brought an action of trover and conversion and the trial justice rendered a decision in his favor on the ground that a letter from the seller written the day before repossession giving the purchaser an additional twenty-four hours within which to make payment constituted a waiver of the default and since the purchaser's tender was made within that period he was not thereafter in default.

This court reversed the decision on the ground that such written offer was without consideration and could be withdrawn at any time. However, inasmuch as there was conflicting evidence upon which the trial justice had made no finding that on the day of repossession the seller's agent

orally offered the purchaser an additional twenty-four hours to make the remaining payments, we held that there should be a new trial because, if the purchaser's evidence of such an oral offer was found to be true, it would amount to a conditional waiver of the breach and the purchaser would be entitled to a decision in his favor.

The point we make here is this. If a defaulting purchaser had, under our law, the right to redeem as claimed by complainant in the case at bar, then it was wholly unnecessary for this court in *Tarlaian* v. *Annex Motors, Inc., supra,* to take the action it did. Regardless of any question of waiver of the breach of the contract, the purchaser there having made a good tender of the full amount on the very day the property was repossessed would have been entitled to redeem. And on such a view of the law this court would have upheld the trial justice's decision in favor of the purchaser although for a different reason.

While the aforesaid cases are not decisions of the question here we are nevertheless satisfied that their general tenor is more favorable to the respondents' view than that of the complainant in the case at bar. Moreover our understanding of their import is consistent with this court's decided view that a conditional sale is in no sense akin to a chattel mortgage, contrary to the view held in some states. *Arnold* v. *Chandler Motors of R. I., Inc.,* 45 R. I. 469. It is the supposed similarity of a conditional sale to a chattel mortgage that has apparently led the courts of such states to hold by analogy that there is a right of redemption in the defaulting purchaser similar to such a right in a defaulting mortgagor. Thus in 47 Am. Jur., Sales, §958, p. 167, it is stated that in such jurisdictions conditional sales are treated as chattel mortgages.

On the whole, therefore, we are of the opinion that, in the absence of statute or provisions in the agreement, there is no sound basis for a judicial declaration that a right of redemption is an implied incident of a conditional sale con-

tract. In this connection it is apropos to repeat here an observation made by this court in *Arnold* v. *Chandler Motors of R. I., Inc., supra,* at page 476, as follows: "In the absence of fraud, the contract is a lawful one, and its public consequences have no proper bearing in determining the intention of the parties expressed in the agreement, which must govern its construction. If, for the protection of the public, conditional sales require regulation, it must be by the enactments of the General Assembly as a matter of policy, and not by judicial decision." We have previously referred to such view with approval in *Goldstein* v. *Mack Motor Truck Co.,* 56 R. I. 1.

The respondents' appeals are sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter a decree denying and dismissing the bill of complaint.

*Teitz & Teitz, Alexander G. Teitz, George A. Teitz, Dean J. Lewis,* for complainants.

*Corcoran, Peckham & Hayes,* for respondent Bove Chevrolet, Incorporated.

*James L. Taft, Bernard P. Campbell,* for respondent General Motors Acceptance Corporation.